UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH T. WILLIAMS, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                ) | CV419cv282 |
| ) | |
| JUDGE LOUISA ABBOT and ) | |
| ANTHONY B. BURTON,  ) | |
| ) | |
| Defendants.      ) | |

## **REPORT AND RECOMMENDATION**

Joseph T. Williams, Jr., proceeding *pro se*, brings this 42 U.S.C. §1983 Complaint against Judge Louisa Abbot and Assistant District Attorney Anthony B. Burton. Doc. 1. Plaintiff has articulated neither what relief is sought nor the theory upon which recovery might be based. As such, this claim should be **DISMISSED**.

Williams filed his Complaint using the form intended for complaints under the Civil Rights Act, 42 U.S.C. § 1983. Such claims allow a prisoner to seek monetary damages for a deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person or entity acting under the color of law. 42 U.S.C. §1983. Williams

has, however, identified no deprivation and has not requested monetary damages.

Williams' focus on his sentence and the revocation of his parole suggests that his intended relief might be in the realm of habeas. This Court does have the authority to ignore the label attached to the Complaint by Plaintiff and recharacterize it. *Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) (citing *Castro v. United States*, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003)); *see also Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis."). Recharacterization of a § 1983 claim as a habeas petition is not without costs and the Court is disinclined to do so when plaintiff's intent is vague, at best.[1] Additionally, the Complaint suggests that

---

[1] *Castro v. United States* requires to Court to warn a litigant prior to recharacterizing his motion as a habeas petition. 540 U.S. at 383 (("[W]hen a court recharacterizes a *pro se* litigant's [filing] as a first § 2255 motion . . . [it] must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Jones v. O'Neal*, 2012 WL 6084650 at * 1 n. 3 (S.D. Ga. Dec. 6, 2012) (*Castro* and its warnings also apply in the § 2254 context).

Williams' claim is not yet ripe for habeas relief, as an appeal is pending. 28 U.S.C. § 2251(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); 28 U.S.C. § 2244(d)(1)(A) ("1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").

Williams Complaint, therefore, should be **DISMISSED without prejudice**. He is free to refile a § 1983 Complaint that articulates which constitutional right he contends has been violated. He is also free to seek habeas corpus relief, assuming that he has satisfied the procedural prerequisites. To assist Williams in his potential refiling, the Clerk of Court is **DIRECTED** to serve, along with a copy of this Report and Recommendation, the following forms: (1) Complaint for Violation of Civil Rights (Prisoner) (Pro Se 14); (2) Petition for Writ of Habeas Corpus

Under 28 U.S.C. § 2254 (AO241); and (3) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (AO242).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.,*

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 12th day of November, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA